# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARIO JURADO PENA,<br><br>Defendant. | Case Nos. 1:06-CR-00126-LJO<br><br>MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER U.S.S.G. AMENDMENT 782<br><br>(Doc. 101) |

Before the Court is the pro se motion of Defendant Mario Jurado Pena ("Defendant") to reduce his sentence (Doc. 101), under U.S.S.G. § 1B1.10(b)(1) and Amendment 782 to the United States Sentencing Guidelines,[1] which revised the Drug Quantity Table in § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses.[2] The Government has opposed the motion on the basis that Defendant is not eligible for a reduction under § 1B1.10. *See* Doc. 51. Upon a thorough review of the parties' briefing, the record in the case including the Probation Office's Presentence Report ("PSR"), and the relevant law, the Court will deny the motion.

**Standard of Review**

A federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. 18 U.S.C. § 3582(c)(2); *see United States v. Dunn,* 728 F.3d 1151, 1155 (9th Cir. 2013). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and

---

[1] Hereinafter, all references to sections (§) refer to the United States Sentencing Guidelines unless otherwise indicated.
[2] Defendant's motion also seeks to reduce his sentence in a later, unrelated criminal case (1:07-CR-00333-01-LJO). In Case No. 1:07-CR-00333-01-LJO, the Court sentenced Defendant to a 51-month term of imprisonment; 33 months of which were to run concurrently with the sentence in the instant case, and 18 months to be served consecutively to the sentence in the instant case. This Court addresses Defendant's motion as it relates to Case No. 1:07-CR-00333-01-LJO in a separate order.

chemical quantity tables across drug and chemical types.  The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

However, a district court's authority to modify a sentenced is constrained by the Sentencing Commission.  *Dillon v. United States,* 560 U.S. 817, 826-27 (2010).  Pursuant to §1131.10(a)(2)(13), "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10 (a)(2)(B).

**Original Sentence Imposed**

Here, accepting the PSR determination, the original base offense level was 38 for the amount of methamphetamine involved the case, and a criminal history category of I.  Pursuant to § 3E1.1(b)(2), Defendant's acceptance of responsibility warranted a three-level reduction, to a level 35.  The guidelines range for a defendant with an offense level of 35 and a criminal history category of I is 168-210 months.  U.S.S.G. Ch. 5, Pt. A.  However, under 18 U.S.C. § 3553(a), and in light of the nature and circumstances of the offense and the history and characteristics of the defendant, the PSR recommended a downward variance to 144 months.  On March 21, 2008, the Court partially adopted the PSR's recommendation, also granted a two-level reduction based on the safety-valve provisions in 18 U.S.C. § 3553(f) and U.S.S.G. § 2D1.1(b)(11), which resulted in an adjusted offense level of 33 and a guideline range of 135 to 168 months, and found the Defendant eligible for an additional downward variance.  As a result, the Court sentenced Defendant to a 108-month term of imprisonment, a 60-month term of supervised release, and a mandatory $100 special assessment. *See* Docs.97, 98.

**Application of Amendment**

Amendment 782 modifies the Drug Quantity Table to lower base offense levels by two points for most federal drug offenders.  Amendment 782, § 1B1.10.  Under the amended guidelines, Defendant's adjusted offense level is 31, and the corresponding guideline range for this level is 108 to 135 months.   U.S.S.G. Ch. 5, Pt. A.  In this case, Defendant does not qualify for a sentence reduction because his original sentence, 108 months, is already at the lowest end of the amended

guideline range.  *See id.*  According to § 1B1.10(b)(2)(A), the Court may not reduce Defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) if the term would be less than the minimum of the amended guideline range determined under subdivision (1).  Thus, because Defendant has no basis for seeking a reduction, the Court must deny his motion.  *See* § 1B1.10 (a)(2)(B); *see also United States v. Davis*, 739 F.3d 1222, 1224 (9th Cir. 2014).

### CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Mario Jurado Pena's motion to reduce his sentence is **DENIED**, pursuant to 18 U.S.C. § 3582(c)(2).

**IT IS SO ORDERED**
**Dated: November 12, 2015**

                                        **/s/ Lawrence J. O'Neill**
                                        **United States District Judge**